(101 So. 525)

### EZEKIEL v. STATE.   (7 Div. 24.)

(Court of Appeals of Alabama.  Aug. 19, 1924. Rehearing Denied Sept. 2, 1924.)

1. Intoxicating liquors &#x269C;238(5)—Guilt of unlawful sale held for jury.

Guilt of unlawful sale of liquor *held* for jury.

2. Criminal law &#x269C;805(I)—Charge on reasonable doubt held properly refused as elliptical.

Requested charge, "that the burden of proof is upon the state, and unless they convince you beyond all reasonable doubt from the evidence then you cannot convict the defendant," was properly refused as elliptical.

3. Criminal law &#x269C;829(I)—Instruction substantially covered by given instruction properly refused.

It was not error to refuse an instruction fairly and substantially covered by oral charge.

4. Intoxicating liquors &#x269C;236(II) — Evidence held to support finding of unlawful sale.

Evidence *held* sufficient to support finding of unlawful sale of whisky.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

John Ezekiel was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in the case of Ex parte Ezekiel, 211 Ala. 616, 101 So. 526.

Paul O. Luck, of Columbiana, for appellant.

Brief of counsel on original hearing did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant was indicted by the grand jury and charged with the offense of violating the prohibition law. He was tried and convicted. The jury assessed a fine against him, to which the court added three months' hard labor for the county. From the judgment of conviction he appealed.

The evidence for the state tended to show that within the time covered by the indictment, and in Shelby county, this defendant sold one gallon of whisky to state witness Hoffman; that the sale occurred on Sunday night in the month of March preceding the trial; about 9 o'clock and at the home of defendant.

[1-3] The evidence of defendant and his witnesses denied these facts, and this conflict in the evidence presented a question for the jury; therefore the court did not err in refusing the several written charges requested by defendant which, with the exception of one of these charges, were all affirmative charges for defendant in different phases. The remaining charge, to wit:

"I charge you, gentlemen of the jury, that the burden of proof is upon the state, and unless they convince you beyond all reasonable doubt from the evidence, then you cannot convict the defendant."

This charge was properly refused. It was elliptical, and the proposition of law at-

tempted to be stated in this charge was fairly and substantially covered by the oral charge of the court.

[4] No brief has been filed by appellant, or by the state, in this case. The defendant reserved several exceptions to the rulings of the court upon the admission of the testimony. Each of these has been examined, and we find no error in this connection to injuriously affect the substantial rights of the defendant. As stated, the evidence as a whole presented a clear-cut issue of fact for the jury. There was ample evidence to warrant the verdict rendered and to sustain the judgment pronounced. Let the judgment appealed from stand affirmed.

Affirmed.